UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN K. HOLLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00694-TWP-MKK |
| JAYNESHA BASIR Guest Service Associate, ARBOR LODGING Courtyard by Marriott, Northwest Indy, | ) ) ) ) ) |
| Defendants. | ) ) |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Ryan K. Holly's ("Holly") Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2). Because Holly is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A.    Filing Fee**

Holly's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135,

at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.     Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

C.  **The Complaint**

On his fill-in-the-blank "Complaint for Employment Discrimination," *pro se* plaintiff Holly checks the box for termination of his employment as the basis of his claim (Dkt. 1 at 4). However, he does not check any box as the basis for federal jurisdiction over this action, nor does Holly check any box indicating the basis on which he was discriminated. Holly has attached his Charge of Discrimination filed with the Indiana Civil Rights Commission, which the Court will consider to be incorporated into the Complaint (Dkt. 1-1). The Charge of Discrimination alleges that Holly was discriminated based on his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 (the "ADA"), and in retaliation for reporting another employee's complaint of discrimination in violation of Title VII. *Id.*

Holly alleges that between September 1, 2021, and March 9, 2023, he worked as an Assistant Manager for defendant Arbor Lodging, doing business as the Courtyard by Marriott, in northwest Indianapolis (the "Marriott") (Dkt. 1-1 at 2). He worked under General Manager Lori Kaufman ("Kaufman"). On March 3, 2023, while Holly was at home but "on-call," he received a call from defendant Jaynesha Basir ("Basir"), who worked in Guest Services. Basir stated she wanted to go home because another Guest Services employee, Shawna Bellamy ("Bellamy"), was asking Basir why she was planning to participate in a bartending training led by Bellamy. To avoid further conflict between Bellamy and Basir, Holly went to the Marriott and announced that he was postponing the bartending training. When Holly later discussed this incident with Kaufman, Kaufman "responded in a very angry and demeaning manner." Kaufman asked Holly why he had returned to the Marriott, even though she knew Holly was on call, and stated that Bellamy might quit due to her training being postponed.

3

On March 8, 2023, Holly contacted Corporate Regional Manager Ron Caldwell ("Caldwell") "and Basir claimed she was being treated differently than other employees and harassed by Kaufman." *Id.* It is not clear from the Complaint whether Holly or Basir told Caldwell about Basir's complaints, but based on Holly's claims of retaliation, the Court assumes it was Holly. Kaufman was not aware that Basir's complaints had been reported to Caldwell. *Id.* at 2–3.

On March 9, 2023, "Kaufman accused [Holly] of using too much aggression and shutting down a required corporate training. She then terminated [Holly's] employment." *Id.* at 3. Holly alleges that he was terminated because he is Black, because of his age, and in retaliation for reporting Basir's complaints of discrimination to Caldwell. *Id.*

**D.    Dismissal of Complaint**

Based on the Complaint filed, the Court is unable to determine whether it has jurisdiction to adjudicate the claims that Holly has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Complaint gives a detailed account of the circumstances leading to Holly's termination, but it does not allege facts sufficient to assert a claim for discrimination or retaliation in violation of Title VII or the ADA. Specifically, the Complaint does not contain any facts that

4

indicate Holly was terminated because of his race or age. Instead, the Complaint alleges that Kaufman terminated Holly's employment for nondiscriminatory reasons (because he used "too much aggression and shut[] down a required corporate training"). *Id.* at 3. Holly's belief that he was terminated based on his race and age, without more, is not sufficient. Similarly, the Complaint does not adequately allege a claim for retaliation under Title VII, since Kaufman (who made the decision to terminate Holly's employment) allegedly did not know that Holly had reported Basir's complaints of discrimination. *Id.* at 2–3. Additionally, the Complaint does not explain why Basir has been named as a defendant. Holly does not allege that Basir committed any misconduct or caused any of Holly's alleged injuries.

The Complaint does not contain any factual content to allow the Court to draw the reasonable inference that identifiable defendants are liable for the alleged discrimination and retaliation. Accordingly, the Complaint is subject to dismissal for lack of subject-matter jurisdiction.

### E. Opportunity to Show Cause

Holly shall have through **Friday, May 24, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Holly elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing

*Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

For the reasons stated above, Plaintiff's Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Plaintiff is granted leave to file an amended complaint by no later than **Friday, May 24, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date: 4/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RYAN K. HOLLY
5311 Shefford Ct.
Indianapolis, IN 46254